NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CrossFit, Inc., a Delaware corporation, | No. CV-14-02277-PHX-JJT |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| Jeff Martin, an individual; Mikki Lee Martin, an individual, and Brand X Martial Arts, a business entity of unknown origin, | |
| Defendants. | |
| Jeff Martin, Mikki Lee Martin, Brand X Martial Arts, and CrossFit Brand X, Inc., | |
| Counterclaimants, | |
| v. | |
| CrossFit, Inc., and Greg Glassman | |
| Counterdefendants. | |

The Court recognizes that many of the documents and much of the information ("**Materials**" as defined herein) being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The Materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, development, or commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The parties have agreed to be bound by the terms of this Protective Order ("**Order**") in this

1  action to facilitate the document production and disclosure, and protect the respective

2  interests of the parties in their trade secrets and/or confidential information.  This Order

3  shall remain in effect unless modified pursuant to the terms contained in this Order.

4        IT IS THEREFORE ORDERED THAT,

5        The following Definitions shall apply in this Order:

6        A.    The term "**Confidential Information**" will mean and include information

7  contained or disclosed in any materials, including documents, portions of documents,

8  answers to interrogatories, responses to requests for admissions, trial testimony,

9  deposition testimony, and transcripts of trial testimony and depositions, including data,

10  summaries, and compilations derived therefrom that is deemed to be confidential or is

11  designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by

12  any party, or non-party that produces documents or provides information in this action, to

13  which it belongs; or is otherwise protected by this Order.

14        B.    The term "**Materials**" will include, but is not limited to: documents;

15  correspondence; memoranda; financial information; email; specifications; marketing

16  plans; marketing budgets; customer information; materials that identify customers or

17  potential customers; price lists or schedules or other matter identifying pricing; minutes;

18  letters; statements; cancelled checks; contracts; invoices; drafts; books of account;

19  worksheets; forecasts; notes of conversations; desk diaries; appointment books; expense

20  accounts; recordings; photographs; motion pictures; sketches; drawings; notes of

21  discussions with third parties; other notes; business reports; instructions; disclosures; other

22  writings; records of website development; and internet archives.

23        C.    The term "**Counsel**" will mean outside counsel of record, and other

24  attorneys, paralegals, secretaries, and other support staff employed in the following law

25  firms: <u>Snell & Wilmer L.L.P.; Higgs Fletcher & Mack LLP; and Emergent Legal</u>.

26        The following provisions shall apply in this litigation:

27        1.    Each party to this litigation, and each non-party, that produces or discloses

28  any Materials, answers to interrogatories, responses to requests for admission, trial

1  testimony, deposition testimony, and transcripts of trial testimony and depositions, or

2  information that the producing party believes should be subject to this Protective Order

3  may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL

4  ONLY."

5          (a)     Designation as "CONFIDENTIAL": Any party may designate

6                  information as "CONFIDENTIAL" only if, in the good faith belief of

7                  such party and its Counsel, the unrestricted disclosure of such

8                  information could be harmful to the business or operations of such

9                  party.

10         (b)     Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any

11                 party may designate information as "CONFIDENTIAL – FOR

12                 COUNSEL ONLY" only if, in the good faith belief of such party and

13                 its Counsel, the information is among that considered to be most

14                 sensitive by the party, including but not limited to trade secret or

15                 other confidential research, development, financial, customer related

16                 data or other commercial information.

17     2.    In the event the producing party elects to produce Materials for inspection,

18 no marking need be made by the producing party in advance of the initial inspection.  For

19 purposes of the initial inspection, all Materials produced will be considered as

20 "CONFIDENTIAL – FOR COUNSEL ONLY," and must be treated as such pursuant to

21 the terms of this Order.  Thereafter, upon selection of specified Materials for copying by

22 the inspecting party, the producing party must, within a reasonable time prior to producing

23 those Materials to the inspecting party, mark the copies of those Materials that contain

24 Confidential Information with the appropriate confidentiality marking.

25     3.    Whenever a deposition taken on behalf of any party involves the disclosure

26 of Confidential Information of any party:

27         (a)     the deposition or portions of the deposition must be designated as

28                 containing Confidential Information subject to the provisions of this

- 3 -

Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

(b)   the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 11, below; and

(c)   The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate.  The original or any copy of the portion of a transcript designated as Confidential Information ultimately presented to a court for filing must not be filed unless it can be accomplished under seal; or the parties agree, or this Court has determined, that the designated portion(s) should not be filed under seal pursuant to LRCiv. 5.6.

4.   All Confidential Information must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

5.   Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" may be viewed only by:

(a)    Counsel (as defined in paragraph C, above) of the receiving party;

(b)    Independent experts and stenographic and clerical employees associated with such experts, unless such expert is a regular employee or independent contractor of a party. Prior to receiving any Confidential Information of the producing party, the expert must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits;

(c)    The Court and any Court staff and administrative personnel;

(d)    Any court reporter employed in this litigation and acting in that capacity; and

(e)    Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action.

6.    Information designated "CONFIDENTIAL" may be viewed only by the individuals listed in paragraph 5, above, and by the additional individuals listed below:

(a)    Party principals, executives, or in-house counsel who are required to participate in decisions with reference to this action;

(b)    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

(c)    Stenographic and clerical employees associated with the individuals identified above.

7.    All information that has been designated as "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of

this Order may retain custody of copies such as are necessary for their participation in this litigation, but only during the course of this litigation.  The principals, employees or other agents of the parties who received information prior to and apart from this litigation that was subsequently disclosed in this litigation as being either "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" may also retain copies of that information as is necessary for use in their respective businesses.

8.      Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.  Nothing in this order shall be construed as automatically permitting a party to file under seal.  The party seeking leave of Court shall show "compelling reasons" (dispositive motion) or "good cause" (non-dispositive motion) for filing under seal.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).  Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.[1]  Further, no portion of the trial of the matter shall be conducted under seal.

9.      Confidential Information and Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall be used solely for the prosecution or defense of this action.   A party who wishes to use Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" for a purpose other than the prosecution or defense of this action must request permission, in writing, from Counsel for the producing party.  The receiving party's

---

[1] If a party wishes to use the opposing party's Confidential Information to support or oppose a motion, the opposing party bears the burden to make the "compelling reasons" or "good cause" showing.  The parties shall follow LRCiv. 5.6(d) and confer regarding the necessity of filing Confidential Information under seal, except that if the parties cannot agree as to treatment of the information in issue, in lieu of filing a notice of lodging the party wishing to use the Confidential Information must initiate a discovery dispute conference call within 14 days after lodging the proposed sealed document(s).

request must identify the Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" that the receiving party wishes to use, and identify the purpose for which it wishes to use Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY." If the parties cannot resolve the question of whether the receiving party can use Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" for a purpose other than the prosecution or defense of this action within fourteen (14) days of the producing party's receipt of such a request, the receiving party may move the Court for a ruling on the receiving party's request. In the event any party files a motion seeking to use Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" for a purpose other than the prosecution or defense of this action, the Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall be submitted to the Court, under seal, for an in-camera inspection. Any Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the motion or the matter has been otherwise resolved.

10.    At any stage of these proceedings, any party may object to a designation of Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, Counsel for the producing party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as

1    Confidential Information, as designated by the producing party, until the Court has ruled

2    on the objection or the matter has been otherwise resolved.

3          11.    At any stage of these proceedings, any party may request that it be permitted

4    to disclose Materials designated as Confidential Information to individuals not permitted

5    by this Order to view such Materials.  The party must notify, in writing, Counsel for the

6    producing party of the identity of the relevant Materials and the individuals to whom the

7    party wishes to disclose the Materials.  If the request is not resolved consensually between

8    the parties within fourteen (14) days of receipt of such a request, the requesting party may

9    move the Court for a ruling allowing such disclosure.  In the event any party files a

10   motion requesting such disclosure, the document shall be submitted to the Court, under

11   seal, for an in-camera inspection.  The Materials at issue must be treated as Confidential

12   Information, as designated by the producing party, until the Court has ruled on the

13   request.

14         12.    All Confidential Information must be held in confidence by those inspecting

15   or receiving it.  To the extent the Confidential Information has not been disclosed prior to

16   and apart from this litigation, it must be used only for purposes of this action.  If the

17   Confidential Information was exchanged between the parties prior to and apart from this

18   litigation for purposes of conducting their respective businesses, the parties may continue

19   to use that otherwise Confidential Information for that purpose.  The parties may not

20   distribute the Confidential Information beyond those persons or entities that had received

21   the Confidential Information prior to this litigation.  In addition, counsel for each party,

22   and each person receiving Confidential Information, must take reasonable precautions to

23   prevent the unauthorized or inadvertent disclosure of such information.  If Confidential

24   Information is disclosed to any person other than a person authorized by this Order, the

25   party responsible for the unauthorized disclosure must immediately bring all pertinent

26   facts relating to the unauthorized disclosure to the attention of the other parties and,

27   without prejudice to any rights and remedies of the other parties, make every effort to

28

1  prevent further disclosure by the party and by the person(s) receiving the unauthorized

2  disclosure.

3       13.    No party will be responsible to another party for disclosure of information

4  under this Order if the information in question is not labeled or identified as

5  "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" or otherwise

6  protected in accordance with this Order.

7       14.    If a party, through inadvertence, produces any Confidential Information

8  without labeling or marking or otherwise designating it as such in accordance with this

9  Order, the producing party may give written notice to the receiving party that the

10 Materials produced are deemed Confidential Information, and that the Materials produced

11 should be treated as such in accordance with that designation under this Order.   The

12 receiving party must treat the Materials as confidential, once the producing party so

13 notifies the receiving party.   If the receiving party has disclosed the Materials before

14 receiving the designation, the receiving party must notify the producing party in writing of

15 each such disclosure.   Counsel for the parties will agree on a mutually acceptable manner

16 of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or

17 "CONFIDENTIAL – FOR COUNSEL ONLY."

18      15.    Nothing within this Order will prejudice the right of any party to object to

19 the production of any discovery material on the grounds that the material is protected as

20 privileged or as attorney work product.

21      16.    Nothing in this Order will bar Counsel from rendering advice to their clients

22 with respect to this litigation and, in the course thereof, relying upon any information

23 designated as Confidential Information, provided that the contents of the information must

24 not be disclosed.

25      17.    This Order will be without prejudice to the right of any party to oppose

26 production of any information for lack of relevance or any other ground other than the

27 mere presence of Confidential Information.   The existence of this Order must not be used

28

by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

18.     Information designated as Confidential Information pursuant to this Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party which made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

19.     Nothing in this Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person.  Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

20.     Within thirty (30) days of the final termination of this action, including any and all appeals, Counsel for each party must purge all Confidential Information from all machine-readable media on which it resides and must either (a) return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy the same.  With respect to paper copies, return or destruction of Confidential Information is at the option of the producing party. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation.  Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to

be bound by this Order with respect to all such retained information, after the conclusion of this litigation.

21.     The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Order.

22.     Any party may designate as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" any Materials that were produced during the course of this action without such designation before the effective date of this Order, as follows:

(a)     Parties to this action may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" to all other parties in possession or custody of such previously undesignated Materials. Any party receiving such notice and copies of designated Materials pursuant to this subparagraph shall return to the producing party all undesignated copies of such Materials in its custody or possession, or shall affix the appropriate legend to all copies of the designated Materials in its custody or possession.

(b)     Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no disclosure of such designated Materials or information contained therein except as allowed under this Order; and (ii) take reasonable steps to notify any persons known to have possession of such designated Materials or information of the effect of such designation under this Order.

(c)     All such designations must be made within thirty (30) days of the date of this Order.

23.    Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

24.    This Order may be modified by agreement of the parties, subject to approval by the Court.

25.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

26.    After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this Order following termination of this litigation.

Dated this 2nd day of March, 2015.

_____
Honorable John J. Tuchi
United States District Judge

1
2                                **EXHIBIT A**
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                        FOR THE DISTRICT OF ARIZONA
8

9   | CrossFit, Inc., a Delaware corporation, | No. CV-14-02277-PHX-JJT |

10                    Plaintiff,              **AGREEMENT TO BE BOUND BY**
                                              **STIPULATED PROTECTIVE**
11  v.                                        **ORDER**

12  Jeff Martin, an individual; Mikki Lee
    Martin, an individual, and Brand X Martial
13  Arts, a business entity of unknown origin,

14                    Defendants.
15
    Jeff Martin, Mikki Lee Martin, Brand X
16  Martial Arts, and CrossFit Brand X, Inc.,

17                    Counterclaimants,

18  v.

19  CrossFit, Inc., and Greg Glassman

20                    Counterdefendants.
21

22  I, _____, declare and say that:

23          1.      I am employed as _____ by _____.

24          2.      I have read the Stipulated Protective Order (the "Order") entered in _____

25  _____ and have received a copy of the Order.

26          3.      I promise that I will use any and all "CONFIDENTIAL" or

27  "CONFIDENTIAL – FOR COUNSEL ONLY" information, as defined in the Order,

28

given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

4.      I promise that I will not disclose or discuss such "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" information with anyone other than the persons described in paragraphs 5, 6, and 12 of the Order.

5.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the Order.

6.      I understand that any disclosure or use of "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7.      I will return all CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" Materials (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" Materials.

I declare under penalty of perjury that the foregoing is true and correct.


Date: _____          _____
                                                          Signature

21075972

- 2 -