Steven J. Cologne (*admitted pro hac vice*)
Roger W.R. Clayton (*admitted pro hac vice*)
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, California 92101-7913
Telephone: (619) 236-1551
Facsimile: (619) 696-1410
E-Mail: scologne@higgslaw.com
        claytonr@higgslaw.com

Matthew P. Fischer (#019770)
Trisha D. Farmer Lau (#028809)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
E-Mail: mfischer@swlaw.com
        tlau@swlaw.com

Attorneys for CrossFit, Inc. and
Greg Glassman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CrossFit, Inc., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Jeff Martin, an individual; Mikki Lee Martin, an individual, and Brand X Martial Arts, a business entity of unknown origin,<br><br>　　　　　Defendants.<br><br>Jeff Martin, Mikki Lee Martin, Brand X Martial Arts, and CrossFit Brand X, Inc.,<br><br>　　　　　Counterclaimants,<br><br>v.<br><br>CrossFit, Inc., and Greg Glassman<br><br>　　　　　Counterdefendants. | No. CV-14-02277-PHX-JJT<br><br>**CROSSFIT, INC.'S AND GREG GLASSMAN'S MOTION TO SEAL CONFIDENTIAL MATERIAL RE MOTION FOR SUMMARY JUDGMENT AND SEPARATE STATEMENT OF FACTS** |

In accordance with the Stipulated Protective Order in this case [Doc. 41, at 6 & n.1] and LRCiv 5.6, CrossFit, Inc. and Greg Glassman (collectively, "CrossFit, Inc.") respectfully request, and compelling reasons justify, that the Court enter the attached proposed order sealing certain documents, or limited portions thereof, (the "Confidential Material") discussed in, and offered in support of, CrossFit, Inc.'s Motion for Summary Judgment and Separate Statement of Facts in Support of Motion for Summary Judgment. CrossFit, Inc. sent an email today to Jeff Martin, Mikki Lee Martin, Brand X Martial Arts, and CrossFit Brand X, Inc. (collectively, the "Martins") regarding stipulating to the filing of the Confidential Material under seal. The Martins had not yet responded to CrossFit, Inc.'s email at the time of the filing of this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Certain portions of documents discussed in, and offered in support of, CrossFit, Inc.'s Motion for Summary Judgment contain the parties' confidential, proprietary, or sensitive financial information, the disclosure of which would harm the parties' competitive standing in the marketplace or other business interests. For the foregoing reasons, CrossFit, Inc. respectfully requests that the Court grant this Motion to Seal.

**I.   BACKGROUND**

Concurrently with this Motion, CrossFit, Inc. has filed a Motion for Summary Judgment and Separate Statement of Facts on CrossFit, Inc.'s claims for breach of contract and trademark infringement under the Lanham Act, 15 U.S.C. § 1114, § 1125(a), and § 1125(d) against the Martins. The motion also seeks summary judgment against the Martins on all of the Martins' remaining counterclaims, including for breach of the 2009 License Agreement and its implied covenant of good faith and fair dealing (counts 5-6), breach of the Transition Agreement and its implied covenant of good faith and fair dealing (counts 7-8), intentional interference with contractual relations and prospective economic relations (counts 9-10), and defamation (count 11). On March 2, 2015, this Court approved the parties' Stipulated Protective Order [Doc. 41]. All of the documents sought to be sealed under this motion have been marked and designated by the producing party as

1  Confidential pursuant to the Stipulated Protective Order.  Further, these documents are
2  necessary to CrossFit, Inc.'s Motion for Summary Judgment.
3        CrossFit, Inc. has drafted its Motion for Summary Judgment in an effort to limit the
4  use of documents and information marked Confidential by the parties and necessary to be
5  filed under seal.  CrossFit, Inc. has also endeavored to seal only those limited portions of
6  documents that are confidential and that would harm one or both of the parties if publicly
7  released.

**II.  LEGAL ARGUMENT**

    **A.  The Court's Inherent Ability to Seal & Compelling Reasons Standard.**

10        Although a common law right of access to judicial records exists, this right "is not
11 absolute."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978).  The Court
12 possesses the inherent power to seal part or all of its records, although there is a strong
13 presumption in favor of access.  *Id*. at 598 ("Every court has supervisory power over its
14 own records and files"); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th
15 Cir. 2003); Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to
16 protect a party or person from annoyance, embarrassment, oppression, or undue burden or
17 expense, including one or more of the following: . . . requiring that a trade secret or other
18 confidential research, development, or commercial information not be revealed or be
19 revealed only in a specified way[.]").  Thus, a party seeking to seal a judicial record must
20 "'articulate[] compelling reasons supported by specific factual findings,' . . . that outweigh
21 the general history of access and the public policies favoring disclosure[.]"  *Kamakana v.
22 City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (when the motion is
23 seeking to seal records attached to or discussed in support of a dispositive motion, the
24 Court "must base its decision on a compelling reason and articulate the factual basis for its
25 ruling[.]"); *see also Foltz*, 331 F.3d at 1135-36.
26       Compelling reasons "sufficient to outweigh the public's interest in disclosure and
27 justify sealing court records exist when such 'court files might have become a vehicle for
28 improper purposes,' such as the use of records to gratify private spite, promote public

- 2 -

scandal, create libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).[1] Further, protecting sensitive financial information which "might become a vehicle for improper purposes in the hands of business competitors or private citizens[,]" has also been held to be a compelling reason justifying the filing of documents under seal. *F.D.I.C. v. Tarkanian*, No. 10cv980–WQH–BGS, 2012 WL 1327856, at *2 (S.D. Cal. Apr. 17, 2012); *Delfino Green & Green v. Workers Comp. Sols., LLC*, No. 15–cv–02302–HSG, 2015 WL 4235356, at *2 (N.D. Cal. July 13, 2015).

Indeed, the Confidential Material here—trade secrets and sensitive financial and business information belonging to both parties—is precisely the type of information that has been sealed under the compelling reason standard. Thus, compelling reasons exist to preserve the confidentiality of the Confidential Material used to support CrossFit, Inc.'s Motion for Summary Judgment and Separate Statement of Facts.

**B.      Compelling Reasons Exist to Seal the Confidential Material.**

CrossFit, Inc. seeks to have the following confidential information sealed:

**1.      CrossFit, Inc.'s Confidential Information.**

i.      Excerpts of the Deposition of Greg Glassman (p. 194-99).

These excerpts from Greg Glassman's deposition consist of testimony regarding CrossFit's trade secrets and sensitive business information. This information is a trade secret because it consists of a "compilation of information which is used in [CrossFit, Inc.'s] business, and which gives [CrossFit, Inc.] an opportunity to obtain an advantage over competitors who do not know or use it." *MMI, Inc.*, 743 F. Supp. 2d at 1105-06 (citing Restatement of Torts § 757 cmt. b). Further, this information has "independent

---

[1] The Ninth Circuit defines a "trade secret" as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *MMI, Inc. v. Baja, Inc.*, 743 F. Supp. 2d 1101, 1105-06 (D. Ariz. 2010) (citing Restatement of Torts § 757 cmt. b (1939)); *see also* A.R.S. §44-401(4) (a trade secret is "information, including a formula, pattern, compilation, program, device, method, technique or process, that both: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use[, and] (b) Is the subject of efforts . . . to maintain its secrecy.").

economic value . . . from not being generally known to, and not being readily ascertainable by proper means by, other persons" and is "the subject of efforts . . . to maintain its secrecy." A.R.S. §44-401(4). Submission of this testimony is necessary to support CrossFit, Inc.'s Motion for Summary Judgment as to the Martins' purported counterclaim damages because it counters the Martins' damages calculation and demonstrates that the Martins cannot establish damages. The confidential business information and trade secrets contained within this portion of Glassman's deposition are commercially sensitive because this information is not publicly available and, if released, would provide an unfair business advantage to competitors of CrossFit, Inc. who would otherwise not have access to such information. For these reasons, CrossFit, Inc. believes this non-public confidential information should be sealed.

        ii.    <u>Expert Report of Carlyn Irwin, Supplemental Expert Report of Carlyn Irwin, Rebuttal Expert Report of Carlyn Irwin, and Supplemental Rebuttal Expert Report of Carlyn Irwin.</u>

Carlyn Irwin ("Irwin") is CrossFit, Inc.'s damages expert, and her reports discuss both CrossFit, Inc.'s and the Martins' confidential, sensitive financial and business information. In rendering her damages calculation and opinion, Irwin's reports reference this sensitive financial and business information, including trade secrets of both parties. Submission of Irwin's reports and testimony are necessary to support CrossFit, Inc.'s Motion for Summary Judgment as to the Martins' purported damages, because CrossFit, Inc. relies on this information to show that the Martins' cannot establish damages under any of their remaining counterclaims. The financial data and other confidential business information contained within Irwin's reports and testimony is commercially sensitive because this information is not publicly available and, if released, would provide an unfair business advantage to competitors of both parties who would otherwise not have access to such information.

      iii.  <u>Portions of CrossFit, Inc.'s Amended Response to the Martins' First Set of Interrogatories (Nos. 13 & 14).</u>

  These excerpts from CrossFit, Inc.'s Amended Response to the Martin's First Set of Interrogatories discuss CrossFit, Inc.'s financial and business information, including the gross revenue and net profits earned from CrossFit, Inc.'s CrossFit Kids trainer courses.  Submission of these interrogatory responses is necessary to support CrossFit, Inc.'s Motion for Summary Judgment as to the Martins' alleged counterclaim damages because it disputes those damages.  The financial data and other confidential business information contained within these interrogatory responses is commercially sensitive because this information is not publicly available and, if released, would provide an unfair business advantage to competitors of CrossFit, Inc. who would otherwise not have access to such information.

      iv.  <u>RBK00001-61.</u>

  This document consists of highly sensitive, confidential business information and trade secrets belonging to CrossFit, Inc., as well as non-party Reebok.  This information is a trade secret because it consists of a "compilation of information which is used in [CrossFit, Inc.'s] business, and which gives [CrossFit, Inc.] an opportunity to obtain an advantage over competitors who do not know or use it." *MMI, Inc.*, 743 F. Supp. 2d at 1105-06 (citing Restatement of Torts § 757 cmt. b).  Further, this information has "independent economic value . . . from not being generally known to, and not being readily ascertainable by proper means by, other persons" and is "the subject of efforts . . . to maintain its secrecy."  A.R.S. §44-401(4).  Submission of this document is necessary to support CrossFit, Inc.'s Motion for Summary Judgment as to the Martins' alleged counterclaim for tortious interference, because it demonstrates that the Martins cannot prove wrongful conduct by CrossFit, Inc., a required element of a tortious interference claim.  The confidential business information and trade secrets contained within this document are commercially sensitive because this information is not publicly available and, if released, would provide an unfair business advantage to competitors of CrossFit,

Inc. who would otherwise not have access to such information. For these reasons, CrossFit, Inc. believes this non-public confidential information should be sealed.

          v.          <u>Excerpts from the Declaration of Matt Holdsworth in Support of CrossFit, Inc.'s and Greg Glassman's Motion for Summary Judgment.</u>

These excerpts from the Declaration of Matt Holdsworth discuss CrossFit, Inc.'s financial and business information, including the overhead costs of CrossFit, Inc. attributable to the CrossFit Kids program. Submission of this information is necessary to support CrossFit, Inc.'s Motion for Summary Judgment as to the Martins' alleged counterclaim damages because it disputes those damages. The financial data and other confidential business information contained within this declaration is commercially sensitive because this information is not publicly available and, if released, would provide an unfair business advantage to competitors of CrossFit, Inc. who would otherwise not have access to such information.

          vi.          <u>Portions of brief that contain the aforementioned information.</u>

CrossFit, Inc. also seeks to seal the very limited portions of its Motion for Summary Judgment and Separate Statement of Facts that discuss the above information for those reasons explained above.

    **2.**    **Martins' Confidential Information.**

          i.          <u>Amended Expert Report of Carl S. Saba, Expert Report of Carl Saba, and Deposition Testimony of Carl Saba.</u>

Carl Saba ("Saba") is the Martins' proffered damages expert, and his reports and deposition testimony discuss both CrossFit, Inc.'s and the Martins' confidential, sensitive financial and business information. In rendering his damages calculation and opinion, Saba's reports and testimony reference this sensitive financial and business information, including trade secrets of both parties. Submission of Saba's reports and testimony are necessary to support CrossFit, Inc.'s Motion for Summary Judgment as to the Martins' purported damages, because CrossFit, Inc. relies on this information to show that the

Martins' cannot establish damages under any of their remaining counterclaims. The financial data and other confidential business information contained within Saba's reports and testimony is commercially sensitive because this information is not publicly available and, if released, would provide an unfair business advantage to competitors of both parties who would otherwise not have access to such information.

      ii.  <u>MARTIN000013000-12.</u>

  This document is a record of the Martins' financial and business information, which was referenced by Saba in rendering his damages calculation and opinion. For those reasons described in the previous section, CrossFit, Inc. believes this evidence is necessary for its Motion for Summary Judgment regarding the Martins' alleged counterclaim damages, and this non-public confidential information should be sealed.

      iii.  <u>Excerpts of the Deposition of Mikki Martin (Pages 177-78, 182-85, 187, 191-92)</u>.

  These excerpts from Mikki Martin's deposition consist of her testimony regarding the document bates-numbered MARTIN000013000-12, discussed in the previous section. For those reasons described in the previous section, CrossFit, Inc. believes this evidence is necessary for its Motion for Summary Judgment regarding the Martins' alleged counterclaim damages, and this non-public confidential information should be sealed.

      iv.  <u>Portions of Mikki Martin's, Jeff Martin's, Brand X Martial Arts', and CrossFit Brand X, Inc.'s Superseding Responses to CrossFit, Inc.'s and Greg Glassman's First Set of Interrogatories (Nos. 1, 7, and 8)</u>.

  These excerpts from Mikki Martin's, Jeff Martin's, Brand X Martial Arts', and CrossFit Brand X, Inc.'s Superseding Responses to CrossFit, Inc.'s and Greg Glassman's First Set of Interrogatories discuss the Martins' financial and business information, including financial account numbers and balances, total gross revenues, and total net profits. Submission of these interrogatory responses is necessary to support CrossFit, Inc.'s Motion for Summary Judgment as to the Martins' alleged counterclaim damages because it helps to dispute those damages. The financial data and other confidential

1  business information contained within these interrogatory responses is commercially
2  sensitive because this information is not publicly available and, if released, would provide
3  an unfair business advantage to competitors of the Martins who would otherwise not have
4  access to such information.

    v. <u>Portions of Mikki Martin's, Jeff Martin's, Brand X Martial Arts', and CrossFit Brand X, Inc.'s Amended Fourth Supplemental Responses to CrossFit, Inc.'s and Greg Glassman's First Set of Interrogatories (Nos. 7 & 8).</u>

  These excerpts from the Martins' Amended Fourth Supplemental Responses to CrossFit, Inc.'s and Greg Glassman's First Set of Interrogatories discuss the Martins' financial and business information, including total gross revenues and total net profits. Submission of these interrogatory responses is necessary to support CrossFit, Inc.'s Motion for Summary Judgment as to the Martins' alleged counterclaim damages because it helps to dispute those damages. The financial data and other confidential business information contained within these interrogatory responses is commercially sensitive because this information is not publicly available and, if released, would provide an unfair business advantage to competitors of the Martins who would otherwise not have access to such information.

    vi. <u>SABA0502-78.</u>

  This document consists of CrossFit Brand X, Inc's 2012 corporate tax return. As such, it consists of sensitive financial and business information belonging to the Martins. Submission of these documents is necessary to support CrossFit, Inc.'s Motion for Summary Judgment as to the Martins' alleged counterclaim damages because it helps to dispute those damages. The financial data and other confidential business information contained within these documents is commercially sensitive because this information is not publicly available and, if released, would provide an unfair business advantage to competitors of the Martins who would otherwise not have access to such information.

     vii. <u>SABA0664-754.</u>

This document consists of CrossFit Brand X, Inc's 2014 corporate tax return. As such, it consists of sensitive financial and business information belonging to the Martins. Submission of these documents is necessary to support CrossFit, Inc.'s Motion for Summary Judgment as to the Martins' alleged counterclaim damages because it helps to dispute those damages. The financial data and other confidential business information contained within these documents is commercially sensitive because this information is not publicly available and, if released, would provide an unfair business advantage to competitors of the Martins who would otherwise not have access to such information.

     viii. <u>Portions of brief that contain the aforementioned information.</u>

CrossFit, Inc. also seeks to seal the very limited portions of its Motion for Summary Judgment and Separate Statement of Facts that discuss the above information for those reasons explained above.

### III. CONCLUSION

There are compelling reasons for the Court to seal all of the information CrossFit, Inc. seeks to seal in this motion because the information is confidential, proprietary, or sensitive financial or business information, the disclosure of which could likely harm the parties' competitive standing in the marketplace or other business interests. For the foregoing reasons, CrossFit, Inc. respectfully requests that the Court grant this Motion to Seal the Confidential Material discussed in, and offered in support of, CrossFit, Inc.'s Motion for Summary Judgment. In accordance with LRCiv. 5.6, a proposed form of order is submitted herewith.

DATED this 12th day of June, 2017.

        SNELL & WILMER L.L.P.


By: s/ Trisha Lau
    Matthew P. Fischer
    Trisha D. Farmer Lau
    One Arizona Center
    400 E. Van Buren, Suite 1900
    Phoenix, Arizona  85004-2202

HIGGS FLETCHER & MACK LLP
Steven J. Cologne
Roger W. R. Clayton

Attorneys for CrossFit, Inc. and Greg Glassman

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Christopher Wimmer
Peter Roldan
EMERGENT
535 Mission Street, 14th Floor
San Francisco, California  94105
Attorneys for Defendants/Counterclaimants
Jeff Martin, Mikki Lee Martin, Brand X
Martial Arts, and CrossFit Brand X, Inc.
chris@emergent.law
peter@emergent.law

s/ Trisha Lau

4831-5284-1034

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

- 11 -