Steven J. Cologne (*admitted pro hac vice*)
Roger W.R. Clayton (*admitted pro hac vice*)
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, California 92101-7913
Telephone: (619) 236-1551
Facsimile: (619) 696-1410
E-Mail: scologne@higgslaw.com
         claytonr@higgslaw.com

Matthew P. Fischer (#019770)
Trisha D. Farmer Lau (#028809)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
E-Mail: mfischer@swlaw.com
         tlau@swlaw.com

Attorneys for CrossFit, Inc. and
Greg Glassman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CrossFit, Inc., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Jeff Martin, an individual; Mikki Lee Martin, an individual, and Brand X Martial Arts, a business entity of unknown origin,<br><br>　　　　Defendants.<br><br>Jeff Martin, Mikki Lee Martin, Brand X Martial Arts, and CrossFit Brand X, Inc.,<br><br>　　　　Counterclaimants,<br><br>v.<br><br>CrossFit, Inc., and Greg Glassman<br><br>　　　　Counterdefendants. | No. CV-14-02277-PHX-JJT<br><br>**CROSSFIT, INC.'S AND GREG GLASSMAN'S MOTION TO SEAL RE MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF CARL SABA** |

In accordance with the Stipulated Protective Order in this case [Doc. 41, at 6 & n.1] and LRCiv 5.6, CrossFit, Inc. and Greg Glassman (collectively, "CrossFit, Inc.") respectfully request, and good cause justifies, that the Court enter the attached proposed order sealing certain documents, or limited portions thereof, (the "Confidential Material") discussed in, and offered in support of, CrossFit, Inc.'s Motion to Exclude the Opinions and Testimony of Carl Saba.  CrossFit, Inc. sent an email to Jeff Martin, Mikki Lee Martin, Brand X Martial Arts, and CrossFit Brand X, Inc. (collectively, the "Martins") regarding stipulating to the filing of the Confidential Material under seal.  The Martins had not yet responded to CrossFit, Inc.'s email at the time of the filing of this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Certain portions of documents discussed in, and offered in support of, CrossFit, Inc.'s Motion to Exclude the Opinions and Testimony of Carl Saba contain the parties' confidential, proprietary, or sensitive financial information, the disclosure of which would harm the parties' competitive standing in the marketplace or other business interests.  For the foregoing reasons, CrossFit, Inc. respectfully requests that the Court grant this Motion to Seal.

**I.  BACKGROUND**

Concurrently with this Motion, CrossFit, Inc. has filed a Motion to Exclude the Opinions and Testimony of Carl Saba under Fed. R. Evid. 702 and the standard set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).  On March 2, 2015, this Court approved the parties' Stipulated Protective Order [Doc. 41].  All of the documents sought to be sealed under this motion have been produced under and designated as confidential pursuant to the Stipulated Protective Order.  Further, these documents are necessary to CrossFit, Inc.'s Motion to Exclude.

CrossFit, Inc. has drafted its Motion to Exclude in an effort to limit the use of documents and information marked Confidential by the parties and necessary to be filed under seal.  CrossFit, Inc. has also endeavored to seal only those limited portions of

documents that are confidential and that would harm one or both of the parties if publicly released.

## II. LEGAL ARGUMENT

### A. The Court's Inherent Ability to Seal & Good Cause Standard.

Although a common law right of access to judicial records exists, this right "is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). The Court possesses the inherent power to seal part or all of its records, and, when a motion is non-dispositive, the "usual presumption of the public's right of access is rebutted." *Id.* at 598 ("Every court has supervisory power over its own records and files"); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]"). Thus, a party seeking to seal a document attached to a non-dispositive motion need only show "good cause" to preserve the confidentiality of that document. *Foltz*, 331 F.3d at 1135. And, if the document has already been designated as confidential under a protective order, the court has already determined that good cause exists. *Id.* ("[w]hen a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.").

Good cause exists here to preserve the confidentiality of the Confidential Material. Indeed, the Confidential Material contains precisely the type of information that Federal Rule of Civil Procedure 26(c)(1) directs courts to protect upon a showing of good cause. Further, all of the documents sought to be sealed under this motion have been already produced under and designated as confidential pursuant to the Stipulated Protective Order.

**B.     Good Cause Exists to Seal the Confidential Material.**

CrossFit, Inc. seeks to have the following confidential information sealed:

**1.     CrossFit, Inc.'s Confidential Information.**

i.      <u>Excerpts of the Deposition of Greg Glassman (p. 152-63, 188-90, 192-99).</u>

These excerpts from Greg Glassman's deposition consist of testimony regarding CrossFit's trade secrets and sensitive business information. This information is a trade secret because it consists of a "compilation of information which is used in [CrossFit, Inc.'s] business, and which gives [CrossFit, Inc.] an opportunity to obtain an advantage over competitors who do not know or use it." *MMI, Inc.*, 743 F. Supp. 2d at 1105-06 (citing Restatement of Torts § 757 cmt. b). Further, this information has "independent economic value . . . from not being generally known to, and not being readily ascertainable by proper means by, other persons" and is "the subject of efforts . . . to maintain its secrecy." A.R.S. §44-401(4). Submission of this testimony is necessary to show that Saba's damages calculation do not meet the standards of Fed. R. Evid. or *Daubert*, 509 U.S. at 589. The confidential business information and trade secrets contained within this portion of Glassman's deposition are commercially sensitive because this information is not publicly available and, if released, would provide an unfair business advantage to competitors of CrossFit, Inc. who would otherwise not have access to such information. For these reasons, CrossFit, Inc. believes this non-public confidential information should be sealed.

ii.     <u>Rebuttal Expert Report of Carlyn Irwin.</u>

Carlyn Irwin ("Irwin") is the CrossFit, Inc.'s damages expert, and her report discusses both CrossFit, Inc.'s and the Martins' confidential, sensitive financial and business information. In rendering her damages calculation and opinion, Irwin's report references this sensitive financial and business information, including trade secrets of both parties. Submission of Irwin's reports and testimony are necessary to support CrossFit, Inc.'s Motion to Exclude as it establishes that Saba's damages calculation do not meet the

standards of Fed. R. Evid. or *Daubert*, 509 U.S. at 589. The financial data and other confidential business information contained within Irwin's report is commercially sensitive because this information is not publicly available and, if released, would provide an unfair business advantage to competitors of both parties who would otherwise not have access to such information.

                iii.     <u>Portions of CrossFit, Inc.'s Response to the Martins' First Set of Interrogatories (No. 14).</u>

These excerpts from CrossFit, Inc.'s Response to the Martin's First Set of Interrogatories discuss CrossFit, Inc.'s financial and business information, including the gross revenue and net profits earned from CrossFit, Inc.'s CrossFit Kids trainer courses. Submission of this testimony is necessary to show that Saba's damages calculation do not meet the standards of Fed. R. Evid. or *Daubert*, 509 U.S. at 589. The financial data and other confidential business information contained within these interrogatory responses is commercially sensitive because this information is not publicly available and, if released, would provide an unfair business advantage to competitors of CrossFit, Inc. who would otherwise not have access to such information.

                iv.     <u>Portions of brief that contain the aforementioned information.</u>

CrossFit, Inc. also seeks to seal the very limited portions of its Motion to Exclude that discuss the above information for those reasons explained above.

**2.    The Martins' Confidential Information.**

                i.     <u>Amended Expert Report of Carl S. Saba, Expert Report of Carl Saba, and Deposition Testimony of Carl Saba.</u>

Carl Saba ("Saba") is the Martins' proffered damages expert, and his reports and deposition testimony discuss both CrossFit, Inc.'s and the Martins' confidential, sensitive financial and business information. In rendering his damages calculation and opinion, Saba's reports and testimony reference this sensitive financial and business information, including trade secrets of both parties. Submission of Saba's reports and testimony are necessary to support CrossFit, Inc.'s Motion to Exclude as the motion is based entirely

- 4 -

1 upon these reports and testimony. The financial data and other confidential business
2 information contained within Saba's reports and testimony is commercially sensitive
3 because this information is not publicly available and, if released, would provide an unfair
4 business advantage to competitors of both parties who would otherwise not have access to
5 such information.

                ii.        MARTIN000013000-12.

7       This document is a record of the Martins' financial and business information,
8 which was referenced by Saba in rendering his damages calculation and opinion. For
9 those reasons described in the previous section, CrossFit, Inc. believes this evidence is
10 necessary for its Motion to Exclude, and this non-public confidential information should
11 be sealed.

                iii.       Excerpts of the Deposition of Mikki Martin (p. 120-21, 149, 177-97).

14       These excerpts from Mikki Martin's deposition consist of her testimony regarding
15 the document bates-numbered MARTIN000013000-12, discussed in the previous section.
16 For those reasons described in the previous section, CrossFit, Inc. believes this evidence is
17 necessary for its Motion to Exclude, and this non-public confidential information should
18 be sealed.

                iv.       Portions of Brand X Martial Arts' and CrossFit Brand X, Inc.'s Superseding Responses to CrossFit, Inc.'s and Greg Glassman's First Set of Interrogatories (Nos. 1, 7, and 8).

21       These excerpts from Mikki Martin's, Jeff Martin's, Brand X Martial Arts', and
22 CrossFit Brand X, Inc.'s Superseding Responses to CrossFit, Inc.'s and Greg Glassman's
23 First Set of Interrogatories discuss the Martins' financial and business information,
24 including financial account numbers and balances, total gross revenues, and total net
25 profits. Submission of this testimony is necessary to show that Saba's damages
26 calculation do not meet the standards of Fed. R. Evid. or *Daubert*, 509 U.S. at 589. The
27 financial data and other confidential business information contained within these
28 interrogatory responses is commercially sensitive because this information is not publicly

1 available and, if released, would provide an unfair business advantage to competitors of
2 the Martins who would otherwise not have access to such information.

3      v.  <u>Portions of brief that contain the aforementioned information.</u>

4 CrossFit, Inc. also seeks to seal the very limited portions of its Motion to Exclude
5 that discuss the above information for those reasons explained above.

## III. CONCLUSION

There is good cause for the Court to seal all of the information CrossFit, Inc. seeks to seal in this motion because the information is confidential, proprietary, or sensitive financial or business information, the disclosure of which could likely harm the parties' competitive standing in the marketplace or other business interests. For the foregoing reasons, CrossFit, Inc. respectfully requests that the Court grant this Motion to Seal the Confidential Material discussed in, and offered in support of, CrossFit, Inc.'s Motion to Exclude. In accordance with LRCiv. 5.6, a proposed form of order is submitted herewith.

DATED this 12th day of June, 2017.

                SNELL & WILMER L.L.P.

            By: s/ Trisha Lau
              Matthew P. Fischer
              Trisha D. Farmer Lau
              One Arizona Center
              400 E. Van Buren, Suite 1900
              Phoenix, Arizona 85004-2202

              HIGGS FLETCHER & MACK LLP
              Steven J. Cologne
              Roger W. R. Clayton

              Attorneys for CrossFit, Inc. and
              Greg Glassman

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Christopher Wimmer
Peter Roldan
EMERGENT
535 Mission Street, 14th Floor
San Francisco, California  94105
Attorneys for Defendants/Counterclaimants
Jeff Martin, Mikki Lee Martin, Brand X
Martial Arts, and CrossFit Brand X, Inc.
chris@emergent.law
peter@emergent.law

s/ Trisha Lau

4834-4467-3354

- 7 -