**WO**  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CrossFit Incorporated, | No. CV-14-02277-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Jeff Martin, *et al.*, | |
| Defendants. | |
| Jeff Martin, Mikki Lee Martin, Brand X Martial Arts, and CrossFit Brand X, Inc. | |
| Counterclaimants, | |
| v. | |
| CrossFit, Inc. and Greg Glassman, | |
| Counterdefendants. | |

At issue is Defendants and Counterclaimants Jeff Martin, Mikki Lee Martin, Brand X Martial Arts, and CrossFit Brand X, Inc.'s request to amend the scheduling order to permit Defendants' expert, Carl Saba, to supplement his expert report. The Court considers Defendants' Motion to Permit Supplemental Expert Report (Doc. 212, Mot.), to which Plaintiff and Counterdefendant CrossFit, Inc. and Counterdefendant Greg Glassman filed a Response (Doc. 242, Resp.), and Defendants filed a Reply (Doc. 251, Reply). The Court finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f).

**I.     FACTS AND PROCEDURAL BACKGROUND**

The Court's original Rule 16 Scheduling Order was issued on February 17, 2015. (Doc. 36.) The Order provided a discovery cut-off date of February 5, 2016. (Doc. 36.) Pursuant to requests of both parties, the Scheduling Order on this matter was modified at least eight times: August 18, 2015 (Doc. 68); November 2, 2015 (Doc. 75); November 18, 2015 (Doc. 88); December 21, 2015 (Doc. 94); February 11, 2016 (Doc. 96); May 13, 2016 (Doc. 115); June 7, 2016 (Doc. 118); and September 23, 2016 (Doc. 139). On September 23, 2016, a nineteen-issue discovery dispute was referred to United States Magistrate Judge Duncan, and discovery was to end 30 days after the date of Judge Duncan's resolution of the disputes. (Doc. 139.) Judge Duncan issued a Report and Recommendation on March 20, 2017, reporting to the Court that "the thirty day discovery deadline is thirty days from March 24, 2017." (Doc. 193.) On April 5, 2017, this Court ordered that the depositions of the Martins and Carl Saba be scheduled on or before April 24, 2017. (Doc. 198.)

**II.    LEGAL STANDARD**

Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A party shows good cause by demonstrating the following:

> (1) that []he was diligent in assisting the [c]ourt in creating a workable Rule 16 order; (2) that h[is] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding h[is] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that []he was diligent in seeking amendment of the Rule 16 order, once it became apparent that []he could not comply with the order.

*Morgal v. Maricopa Cnty. Bd. of Supv'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012). Thus, "[p]rejudice is not the relevant inquiry." *Id.* Indeed, the Ninth Circuit has emphasized the

importance of "a district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the [party's] prior discovery efforts were not diligent." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

### III.   ANALYSIS

Defendants move to amend the Scheduling Order to permit their expert, Carl Saba, to supplement his expert report to reflect the following facts that were allegedly brought to his attention for the first time during his April 24, 2017 deposition: "[t]he Martins' payment of 20% of seminar revenues to CrossFit before 2011; [t]he expenses for the Martins' salary from 2011-2014; [t]he cost of the Martins' employment benefits from 2011 to 2014; and [t]he Martins' receipt of family loans after October 2014." (Mot. at 1-2.) Mr. Saba also wishes to correct a typographical error in his report. (Mot. at 2.)

Defendants claim that good cause exists to amend the Scheduling Order because Mr. Saba did not have access to the information on which he bases the modifications to his report before his deposition (Reply at 4), that upon learning these additional facts Defendants and Mr. Saba acted diligently, seeking to amend the Scheduling Order by stipulation, and when that failed, by motion (Reply at 4), and that Plaintiff will benefit by modifying the Scheduling Order because Mr. Saba's revisions will adjust Defendants damages downward (Reply at 9). Plaintiff claims that no good cause to amend the Scheduling Order exists because Mr. Saba possessed, or should have possessed, the information on which he bases his revisions because it was either known to Defendants or disclosed in discovery (Resp. at 8-9), and that amendment would prejudice it because it has already filed a motion for summary judgment and would need to re-depose the Martins and Mr. Saba if his expert report is revised (Resp. at 15).

#### A.   The Martins' Payment of 20% of Seminar Revenues to CrossFit

Plaintiff and Defendants agree that, prior to his deposition, Mr. Saba knew that the Martins retained 80% of CrossFit Kid's gross seminar revenues while CrossFit retained

1 the remaining 20%. (Resp. at 9-10; Reply at 5-6.) However, Defendants claim that Mr. Saba was unaware until his deposition that the revenue figures provided in CrossFit's interrogatory responses reflected 100% of CrossFit Kids gross seminar revenues, and not the 80% that the Martins retained. (Reply at 6.) Defendants claim that Mr. Saba had made an "educated assumption," but realized his assumption was incorrect during his deposition. (Reply at 6.)

Defendants' arguments do not persuade the Court that the realizations Mr. Saba made during his deposition warrant modification of the Scheduling Order. In their Reply, Defendants state, "[i]t was unclear to [Mr. Saba], however, due to the highly condensed format, and ill-defined nature, of the information Plaintiff provided in its interrogatory responses, whether the revenue figures that information contained included the entire CrossFit Kids' gross revenue base or the revenues to be remitted to the Martins." (Reply at 6.) Mr. Saba's uncertainty as to what the gross revenue figures reflected was not a lack of information; it was a lack of clarity as to what the information in his possession encompassed. If Mr. Saba was uncertain as to what the figures in Plaintiff's interrogatory represented, he could have either sought clarification or based the damages calculations in his report on both potential meanings. Waiting until discovery has ended and motions for summary judgment have been filed to attempt to correct that assumption does not constitute the due diligence required for a modification of the Scheduling Order.

### B.     Expenses for Martins' Salary from 2011-2014

Defendants claim that Mr. Saba did not know whether the figures for CrossFit Kids revenue and net income contained in Plaintiff's interrogatory responses encompassed the Martins' salaries and benefits. (Reply at 6.) Again, Defendants contend that it was not until his deposition that Mr. Saba realized that his "educated guess" was incorrect. (Reply at 6.) Plaintiff claims that the interrogatory responses it provided disclosed the treatment of the Martins' salary as an expense allocation after 2011. (Resp. at 11.) The Court has reviewed the interrogatory responses and agrees with Plaintiff that the treatment of the Martins' salary after 2011 was disclosed during discovery. Because

Mr. Saba had access to Plaintiff's interrogatory responses, the treatment of the Martins' salary after 2011 was not new information learned during his April 2017 deposition and does not warrant allowing a supplemental report.

### C. Cost of the Martins' Employment Benefits from 2011-2014

Defendants next claim that Mr. Saba learned information about the cost of the Martins' employment benefits from 2011-2014 during his April 2017 deposition. (Mot. at 1-2.) Plaintiff contends that Defendants were, or should have been, aware of their employment benefits since the inception of this trial. (Resp. at 12.) Defendants do not address this contention in their Reply. The Court agrees with Plaintiff that Mr. Saba had access to and should have known of this information before his deposition. Failure to obtain this information from Defendants or seek it during discovery also fails to demonstrate the due diligence required to modify the Scheduling Order.

### D. The Martins' Receipt of Family Loans after October 2014

Defendants finally claim that during his deposition, Mr. Saba became aware that the Martins had received several small loans from family members after October 2014. (Mot. at 1-2; Reply at 7.) Again, Plaintiff contends that the Martins were, or should have been, aware of their receipt of loans since the time they were received. (Resp. at 12.) Defendants do not contest this assertion but claim that Mr. Saba seeks to include the loans in his analysis "to acknowledge their existence and note their irrelevance to his assessment." (Reply at 7.) Again, the Court agrees with Plaintiff that Mr. Saba had access to this information prior to his April 2017 deposition. Further, there is no reason to modify the Scheduling Order to allow an update to the report to include figures that are irrelevant, as Defendants assert.

### E. Typographical Errors

In addition to the above revisions, Defendants also seek to modify the Scheduling Order so that Mr. Saba can correct typographical errors in his report. (Mot. at 1-2; Resp. at 7.) Defendants admit that "[t]his amendment may be unnecessary, strictly speaking, as Saba addressed the errors while being deposed." (Resp. at 7.) Because the

Court will not modify the Scheduling Order to allow Mr. Saba to revise his report as to the above claims, it will not modify the Scheduling Order to allow Mr. Saba to make unnecessary amendments to his report either.

## IV. CONCLUSIONS

The Court finds that no good cause exists to modify the Scheduling Order to allow Mr. Saba to revise his expert report with respect to the Martins' payment of 20% of seminar revenues to CrossFit and the cost of the Martins' employment benefits from 2011-2014. The Court also finds that after October 14 before his deposition in April 2017, Mr. Saba had access to information regarding the expenses for the Martins' salary from 2011-2014 and the Martins' receipt of family loans.

**IT IS THEREFORE ORDERED** denying Defendants and Counterclaimants Jeff Martin, Mikki Lee Martin, Brand X Martial Arts, and CrossFit Brand X, Inc.'s Motion to Permit Supplemental Expert Report (Doc. 212).

Dated this 31st day of July, 2017.

Honorable John J. Tuchi
United States District Judge