**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| CrossFit Incorporated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Jeff Martin, *et al.*,<br><br>　　　　　Defendants. | No. CV-14-02277-PHX-JJT<br><br>**ORDER** |
| Jeff Martin, Mikki Lee Martin, Brand X Martial Arts, and CrossFit Brand X, Inc.<br><br>　　　　　Counterclaimants,<br><br>v.<br><br>CrossFit, Inc. and Greg Glassman,<br><br>　　　　　Counterdefendants. | |

At issue is Plaintiff CrossFit, Inc.'s ("CrossFit" or "Plaintiff") Motion to Exclude Opinions and Testimony of Carl Saba (Doc. 230, Mot.), to which Defendants and Counterclaimants Jeff Martin, Mikki Lee Martin, Brand X Martial Arts, and CrossFit Brand X, Inc. ("the Martins" or "Defendants") filed a Response (Doc. 245, Resp.), and Plaintiff filed a Reply (Doc. 256, Reply). The Court has reviewed the parties' briefs and finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f).

**I.　　LEGAL STANDARD**

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable. *Daubert v. Merrell Dow Pharm.,*

*Inc.* (*Daubert*), 509 U.S. 579, 589 (1999). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. The trial court must first assess whether the testimony is valid and whether the reasoning or methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592-93. Factors to consider in this assessment include: whether the methodology can be tested; whether the methodology has been subjected to peer review; whether the methodology has a known or potential rate of error; and whether the methodology has been generally accepted within the relevant professional community. *Id.* at 593-94. "The inquiry envisioned by Rule 702" is "a flexible one." *Id.* at 594. "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate." *Id.*

The *Daubert* analysis is applicable to testimony concerning non-scientific areas of specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). A qualified expert may testify in the form of opinion if their experiential knowledge will help the trier of fact to understand evidence or determine a fact in issue, as long as the testimony is based on sufficient data, is the product of reliable principles, and the expert has reliably applied the principles to the facts of the case. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. 579 (1999). The advisory committee notes on the 2000 amendments to Rule 702 explain that Rule 702 (as amended in response to *Daubert*) "is not intended to provide an excuse for an automatic challenge to the testimony of every expert." *See Kumho*, 526 U.S. at 152. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595 (citation omitted).

**II.     ANALYSIS**

Plaintiff moves to exclude the testimony of the Martins' expert, Carl Saba, because it does not "fit" the remaining counterclaims against CrossFit and Counterdefendant Greg Glassman, Mr. Saba is not qualified to offer the opinions he provides, Mr. Saba's opinion is based on insufficient and unreliable data and false

assumptions, and Mr. Saba failed to use reliable valuation principles and methods in formulating his opinion. (Mot. at 3, 5, 7, 9, 12.) Defendants contend that Mr. Saba's opinion fits the remaining counterclaims because his damage analysis focuses on a single harm on which all remaining counterclaims are based, that he is eminently qualified to provide his opinion, that the inconsistences and false assumptions Mr. Saba relied on in his report do not warrant exclusion of his report, and that Mr. Saba applied reliable valuation principles and methods to the facts of the case. (Resp. at 3, 5, 7, 9, 12.)

### A. Apportionment of Damages by Counterclaim and Party

Plaintiff claims that Mr. Saba's analysis should be excluded because Mr. Saba did not calculate damages for any of the Martins' remaining counterclaims. (Mot. at 3; Reply at 1.) Specifically, Plaintiff argues that Mr. Saba's damages calculations generally relate only to the 2011 Transition Agreement and to the tortious interference counterclaims. (Mot. at 3.) Plaintiff further claims that Mr. Saba's report should be excluded because Mr. Saba did not apportion the damages by party. (Mot. at 4; Reply at 2.) Plaintiff contends that because it is a corporation, and not a sole proprietorship, the damages element for each counterclaim cannot apply equally to Mr. Glassman and CrossFit (Reply at 2.) Thus, Plaintiff argues that Mr. Saba's report would mislead the jury "into believing that a full business valuation of a hypothetical company should be awarded in connection with all of the Martins' counterclaims . . . ." (Reply at 3.)

The Martins claim that Mr. Saba was not required to apportion damages by counterclaim and that each of the Martins' counterclaims deal with the same harm—"the wrestling of control of CrossFit Kids away from the Martins." (Resp. at 4.) Defendants contend that apportioning damages between CrossFit and Mr. Glassman for each counterclaim would be futile because the damages are overlapping, making apportionment in this instance duplicative. (Resp. at 4.) Defendants further claim that apportioning damages between parties is unnecessary because Mr. Glassman and CrossFit are "one in the same . . . the culpable actions of one are indistinguishable from

the other, since both actively participated in taking control of CrossFit Kids from the Martins and Glassman is CrossFit's sole shareholder." (Resp. at 4.)

The Court agrees with Plaintiff that Mr. Glassman and CrossFit are not "one in the same," and that damages claims against CrossFit cannot apply equally to Mr. Glassman. *See Employer's Liability Assur. Corp. v. Lunt*, 313 P.2d 393, 395-96 (Ariz. 1957). However, the Court disagrees with Plaintiff's assertion that Mr. Saba's failure to apportion damages between CrossFit and Mr. Glassman warrants exclusion of his opinion. Plaintiff provides the Court with no Ninth Circuit authority requiring an expert to apportion damages by claim or party. Plaintiff cites *Enovsys LLC v. AT&T Mobility LLC*, No. CV 11-5210 SS, 2015 WL 10383057 at *5 (C.D. Cal. Aug. 10, 2015) in support of this argument. (Reply at 2.) However, *Enovsys* dealt with expert opinion regarding damages for patent infringement. *Id.* There, the court relied on both Ninth Circuit and Federal Circuit case law dealing specifically with patent infringement and calculations of a reasonable royalty based on the value of patented and non-patented components of an allegedly infringing product. *Id.* The Court is not persuaded that the apportionment of damages analysis in the context of patent infringement is applicable or helpful in this matter.

Plaintiff also relies on *Oracle American, Inc. v. Google Inc.* in support of its argument. 847 F. Supp. 2d 1178, 1187 (N.D. Cal. 2012). Though *Oracle American* lends more support for Plaintiff's contention, the Court is still not persuaded that Mr. Saba was required to apportion damages by counterclaim. In *Oracle American*, an expert failed to apportion copyright damages for two separate copyrighted materials. *Id.* The expert's analysis of damages focused almost entirely on one of the copyrighted materials. *Id.* The court held that if the defendant was not found liable for infringing the copyrighted material that the expert's analysis relied on the most, then the expert's opinion would be inapplicable. *Id.* Unlike the separate copyrighted materials in *Oracle American*, the harm in this case, and therefore any resulting damages, is substantially related to the same set of operative facts—the Martins no longer having control over CrossFit Kids.

Plaintiff will have an opportunity to question Mr. Saba as to how his damages calculations should be apportioned by counterclaim during cross-examination. The Court is confident that a jury can apportion damages between the parties if CrossFit or Mr. Glassman is found liable for either or both of the remaining counterclaims that are alleged against both parties. Mr. Saba's failure to apportion damages by claim or party does not demonstrate a lack of reliability that would warrant exclusion of his opinion under the *Daubert* standard.

### B. Mr. Saba's Qualifications

Plaintiff claims that Mr. Saba is not qualified to offer expert opinions on damages because he is not a certified public accountant ("CPA"), does not have a degree in accounting, and by his own admission, is not qualified to create income statements for the relevant time period in 2015. (Mot. at 5.) Defendants respond that as a credentialed business valuation expert, Mr. Saba is qualified to provide his expert opinions in this case (Resp. at 5.) Defendants reference Mr. Saba's *curriculum vitae* ("CV") in support of this proposition. (Resp. at 5-6.) Defendants also claim that Mr. Saba was qualified to estimate revenues for 2015, and that applying growth rates to project future earnings is within his area of expertise. (Resp. at 6.)

The Court has reviewed Mr. Saba's CV and finds that he is qualified to offer expert opinion on this matter. The Court further finds that the accuracy with which Mr. Saba could project the Martins' future earnings is not a question for the Court at this stage in litigation, but rather is a question for the jury. "Vigorous cross-examination" and "presentation of contrary evidence" during trial is the appropriate method for such a determination. *See Daubert*, 509 U.S. at 595. Plaintiff has not persuaded the Court that Mr. Saba relied on any unreliable data in calculating the lost future earnings. The Court therefore finds that Mr. Saba's calculation of future earnings does not entail the unreliability that would warrant exclusion of his opinion under the *Daubert* standard.

## C. Sufficiency of the Facts and Data on which Mr. Saba Relied

### 1. Assumption that the Martins had a 100% Interest in CrossFit Kids

Plaintiff claims that Mr. Saba's opinion is flawed and should be excluded because he formulated his calculations on the assumption that the Martins had a 100% interest in CrossFit Kids. (Mot. at 6; Reply at 4.) Mr. Saba acknowledged that the Martins only had an 80% share of CrossFit Kids seminar revenues and that the estimated damages would need to be decreased to reflect the 20% difference in interest. (Mot. at 6-7.) Defendants claim that the 20% difference involves only the input of a single figure into a damages calculation, and that the implications can easily be determined and explained, making exclusion of Mr. Saba's entire report on this basis alone unnecessary. (Resp. at 9.) The Court agrees with Defendants that Mr. Saba's reliance on the assumption that the Martins had a 100% interest in CrossFit Kids does not indicate use of unreliable data. Any necessary decreases in estimated damages can be addressed at trial during direct and cross-examination, and exclusion of Mr. Saba's opinion for this reason is not required.

### 2. Assumption that Martins Incurred all Costs Associated with CrossFit Kids

Plaintiff next claims that Mr. Saba's opinion is flawed and should be excluded because he formulated his calculations on the assumption that the Martins incurred all of the costs relating to the CrossFit Kids business. (Mot. at 7; Reply at 4.) Mr. Saba acknowledged that the estimated damages would need to be reduced to reflect that not all of the costs were paid by the Martins. (Mot. at 7.) Defendants do not specifically address this claim in their Response, but the Court finds that, similar to the assumption that the Martins had a 100% interest in the CrossFit Kids business, any discrepancies in the estimated damages can be properly addressed at trial during direct and cross-examination. The Court therefore finds that exclusion of Mr. Saba's opinion for this reason is not required.

### 3. Assumption Regarding CrossFit Affiliates Operating a CrossFit Kids Program

Plaintiff claims that Mr. Saba's opinion is flawed and should be excluded because he formulated his calculations on the assumption that all CrossFit affiliates that operated a CrossFit Kids Program while it was free would continue to do so once the Martins charged a $500 annual fee. (Mot. at 8; Reply at 4.) Plaintiff claims that by relying on this assumption, Mr. Saba rested his opinion on speculative estimates that do not meet the *Daubert* standard. Defendants contend that Mr. Saba's assumption was sound because during the relevant time period, those affiliates were charged $1,000-$3,000 more than they were charged while the Martins were operating the CrossFit Kids program. (Resp. at 8.) Again, the Court finds that the disagreement as to whether this assumption is sound is a matter more appropriate for "[v]igorous cross-examination" and "presentation of contrary evidence" during trial. *See Daubert*, 509 U.S. at 595. Whether Mr. Saba was correct in assuming that the CrossFit affiliates would continue to operate a CrossFit Kids program does not raise an issue of whether his analysis used unreliable facts or data. The Court therefore finds that this assumption does not warrant exclusion of Mr. Saba's opinion.

### 4. Assumption that CrossFit Kids was a Sole Proprietorship

Plaintiff claims that that Mr. Saba's opinion is unreliable and should be excluded because he based his calculations on the assumption that CrossFit Kids was a sole proprietorship. (Mot. at 9.) Plaintiff contends that because CrossFit Kids was actually a non-profit organization, calculating any lost profits for the program is inaccurate. (Mot. at 9.) Defendants claim that Mr. Saba's assumption was sound because CrossFit had been operated as a sole proprietorship until 2010, and had the Martins retained control of the program, its status could have been changed to fit their preferences. (Resp. at 8.) The soundness of Mr. Saba's assumption that CrossFit Kids could have been operated as a sole proprietorship during the relevant time period is an issue for the jury to determine, not the Court. The assumption that CrossFit Kids could have been operated as

a sole proprietorship does not point to the use of any unreliable data or figures in his analysis and does not warrant exclusion of Mr. Saba's opinion.

### 5. Reliance on the Martins' Unsupported Estimates

Plaintiff next claims that Mr. Saba's opinion is unreliable and should be excluded because he used unsupported estimates provided by the Martins to calculate damages. (Mot. at 9.) Plaintiff claims that the Martins' estimates were completed by the Martins in preparation for trial, were inconsistent with the Martins' tax returns and bank statements, and that Mr. Saba cannot testify as to the accuracy of the estimates. (Mot. at 9-10.) Defendants claim that Mr. Saba reconciled the figures the Martins offered with their tax returns when possible, giving more weight to the figures in the tax returns, and any inconsistencies between the Martins' estimates and their tax returns were remedied because Mr. Saba used the revenue figures derived from CrossFit's interrogatory responses in his calculations. (Resp. at 10.)

Plaintiff also claims that Mr. Saba was unsure whether the figures the Martins provided him were apportioned between the Martins' businesses and that Mr. Saba relied on outdated interrogatory responses that CrossFit later amended. (Mot. at 11.) Defendants contend that it was reasonable for Mr. Saba to assume the figures the Martins provided him related only to CrossFit Kids and that Mr. Saba did not rely on any bank statements that listed Brand X as the account holder. (Resp. at 10.) Defendants also argue that Plaintiff served the amended interrogatory responses on the day that Mr. Saba's amended report was due and that its failure to ask Mr. Saba whether he would have adjusted his analysis in light of the amended responses during his deposition should prevent it from raising that issue now. (Resp. at 11.)

Again, the Court finds that these issues are being raised prematurely. Plaintiff claims that the figures Mr. Saba used are unreliable, while Defendants argue that they are reliable. Without any substantial authority that would deem Mr. Saba's use of the figures and estimates provided by the Martins unreliable and potentially misleading, these issues are more appropriate for the jury to determine. None of Plaintiff's claims persuade the

Court that Mr. Saba relied on unreliable figures that would mislead a jury, and the Court finds nothing requiring exclusion of Mr. Saba's opinion based on these claims.

### D. Alleged Failure to Use Reliable Principles and Methods

Plaintiff finally claims that Mr. Saba's report should be excluded because he failed to use reliable principles and methods and failed to reliably apply them to the facts of the case. (Mot. at 14.) Plaintiff claims that Mr. Saba did not follow the American Institute of Certified Public Accountants ("AICPA") guidelines because he failed to exercise the required degree of skepticism, improperly credited the Martins for expenses they did not incur, and failed to properly account for the Martins' employee benefits and salaries. (Mot. at 14-17.) Plaintiff also claims that Mr. Saba's proposed supplemental report demonstrates that his analysis was flawed. (*See* Doc. 212, Motion to Permit Supplemental Expert Report.)

Defendants claim that Mr. Saba's supplemental report addresses the issue regarding the treatment of the Martins' employee benefits and salaries (Resp. at 14), and that Plaintiff has confused AICPA standards for financial auditing with those of preparing a business valuation (Resp. at 13). Although the Court has denied Defendants' Motion to Supplement Mr. Saba's report (*See* Doc. 271), the Court does not agree with Plaintiff's assertion that the proposed supplemental report indicates an analysis so flawed that it is necessarily unreliable or potentially misleading to a jury. Therefore, the Court finds no reason to exclude Mr. Saba's opinion for an alleged failure to use reliable principles and methods and reliably apply them to the facts of the case.

**IT IS THEREFORE ORDERED** denying Plaintiff CrossFit, Inc.'s Motion to Exclude Opinions and Testimony of Carl Saba (Doc. 230).

Dated this 3rd day of August, 2017.

Honorable John J. Tuchi
United States District Judge